UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-62457-LEIBOWITZ/AUGUSTIN-BIRCH

**CHANTIE COWANS,**
    *Plaintiff*,

v.

**MONEYGRAM PAYMENT SYSTEMS, INC.,**
    *Defendant.*

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation on Defendant's Motion To Dismiss Amended Complaint [ECF No. 32] ("R&R"), filed on August 6, 2025, recommending that the Motion [ECF No. 25] be GRANTED IN PART and DENIED IN PART, and that this case be TRANSFERRED to the Northern District of Texas, Dallas Division. [ECF No. 32 at 1, 5–6]. The undersigned previously referred the Motion to U.S. Magistrate Judge Augustin-Birch for a report and recommendation, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 31]. Plaintiff timely objected [ECF No. 33], Defendant responded to the objections [ECF No. 34], and the Court granted leave for Plaintiff to file a surreply [ECF No. 36], which she has now submitted for the Court's consideration [ECF No. 37]. The Court has reviewed Defendant's Motion to Dismiss Amended Complaint [ECF No. 25], the R&R, the parties' papers, relevant portions of the record, and the governing law. For the reasons explained below, the Court ADOPTS and AFFIRMS the recommendation to transfer this case to the Northern District of Texas.

## I.  BACKGROUND

*Pro se* Plaintiff is a former employee of Defendant. [Am. Compl., ECF No. 20 ¶ 3]. In this action, Plaintiff alleges Defendant denied her overtime wages in violation of the Fair Labor Standards Act ("FLSA"). [*See generally*, Am. Compl., ECF No. 20]. Defendant moves to dismiss the Amended Complaint on several grounds. First, Defendant contends the Amended Complaint is an improper shotgun pleading, requiring dismissal for violating Federal Rules of Civil Procedure 8 and 10. [ECF No. 25 at 3–6]. Second, Defendant argues dismissal is warranted because Plaintiff's allegations place her squarely within the administrative exception to the FLSA. [*Id.* at 6–9]. Third, Defendant maintains that the mandatory forum selection clause in Plaintiff's Severance Agreement requires Plaintiff to litigate her FLSA claims in the Northern District of Texas such that this case must be transferred to that venue. [*Id.* at 9–14]. In the alternative, Defendant argues this case should be transferred to the Northern District of Texas under 28 U.S.C. § 1404(a) or § 1406(a). [*Id.* at 14–17]. In the R&R, Judge Augustin-Birch recommends enforcing the forum selection clause contained in Plaintiff's Severance Agreement and letting the transferee court determine whether the Amended Complaint should be dismissed on shotgun pleading grounds or for failure to state a claim upon which relief may be granted. [ECF No. 32 at 5–6].

## II.  STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole

or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

### III.   PLAINTIFF'S OBJECTIONS

Plaintiff lodges four objections to the R&R. [*See* ECF No. 33]. Upon review, the crux of each objection is Plaintiff's view that Judge Augustin-Birch erred in recommending transfer of this FLSA case to Dallas, Texas on the grounds that Plaintiff agreed to litigate her claims there when she executed her Severance Agreement with Defendant. [*See generally*, ECF Nos. 33, 37].

Judge Augustin-Birch is correct that forum selection clauses are enforced in this Circuit, even in FLSA cases, when the clause appears in an employment agreement entered into during the course of the employment. [*See* ECF No. 32 at 4–5 (citing *Gill v. J.G. Wentworth Home Lending, LLC*, No. 9:19-CV-80591, 2019 WL 13234224, at *2 (S.D. Fla. July 8, 2019) ("Based on the plain language of the Employment Agreement, an FLSA violation regarding Plaintiff's compensation relates to the Employment Agreement, as the Employment Agreement sets forth how Plaintiff would be compensated."); *Levy v. Manors of Inverray XII Ass'n*, No. 19-62802-CIV, 2020 WL 13469104, at * 1–2 (S.D. Fla. Mar. 11, 2020) ("Federal courts enforce forum selection and alternative dispute resolution clauses in cases brought under the FLSA."))].

That said, this Court found only one case in this District that addressed whether a forum selection clause contained in a *severance agreement* should be enforced in an FLSA case. In that case, the Honorable Beth Bloom concluded the forum selection clause did not apply to Plaintiff's FLSA claim because the severance agreement was "separate and apart from Plaintiff's regular employment with Defendant, such that the instant dispute cannot be properly viewed as 'arising out of or relating to' the [Severance] Agreement." *Fefel v. Silver Tree Residential, LLC,* No. 18-cv-62065-BLOOM/Valle, 2018 WL 6267944, at *3 (S.D. Fla. Nov. 30, 2018). In *Fefel,* the forum selection clause limited its

application to disputes "arising out of or relating to" the severance agreement. *See Fefel v. Silver Tree Residential, LLC,* No. 18-cv-62065-BLOOM/Valle (S.D. Fla. Oct. 19, 2018), ECF No. 20-1 at 7–8. Confronting similarly limiting language, the district of Massachusetts refused to enforce a forum selection clause contained in a severance agreement against Plaintiff's FLSA claims because the clause limited its effect to disputes that "arise out of or relate to" the severance agreement. *See Coppola v. Amrock, LLC,* No. 1:23-cv-11639, 2024 WL 1605994, at *3 (D. Mass. Apr. 12, 2024). However, at least one district court has enforced a forum selection clause contained within a severance agreement in a FLSA case involving a collective action. *See Zako v. Hamilton Co.*, No. 5:15-cv-03162-EJD, 2016 WL 344883.at *6 (N.D. Cal. Jan. 28, 2016). The forum selection clause in that case provided that "[a]ny action or proceeding seeking to enforce any provision of this Agreement shall be brought against either of the parties only in the courts of the State of Nevada, County of Washoe, or, if it has or can acquire jurisdiction, in the United States District Court for the District of Nevada, and each of the parties consents to the exclusive jurisdiction of such Nevada courts in any such action or proceeding and waives any objection to venue laid therein." *Id.,* No. 1:23-cv-11639-EJD (N.D. Cal. Sept. 8, 2018), ECF No. 15 at 8. That court reasoned Plaintiff's FLSA claim implicated the "subject matter" of the severance agreement; therefore, the forum selection clause was to be enforced.

Unlike the severance agreements in the above-cited cases, Plaintiff's Severance Agreement contains broad language that "[t]he parties agree that all actions or proceedings that arise out of, are associated with, require the interpretation of, and/or that are in any way directly or indirectly related to the subject matter covered in this Agreement ***or to any matter related to Employee's employment with Employer***, shall be tried and litigated exclusively in the state and/or federal courts of Dallas, Dallas County, Texas." [ECF No. 9-1 at 8 (emphasis added)]. Clearly, Plaintiff's FLSA claim in this case relates to Plaintiff's employment with Defendant. Accordingly, the Court agrees with Judge Augustin-Birch that this case must be transferred to Dallas. Plaintiff's objections are,

therefore, **OVERRULED.** Accordingly, it is hereby

      **ORDERED AND ADJUDGED** that:

1. The Magistrate Judge's Report and Recommendation [ECF No. 32] is **AFFIRMED** and **ADOPTED** and fully incorporated herein.

2. Defendant's Motion to Dismiss the Amended Complaint [ECF No. 25] is **GRANTED IN PART** and **DENIED IN PART**.

3. *The Clerk* of the United States District Court for the Southern District of Florida is hereby DIRECTED to take all necessary steps and procedures to effect the expeditious TRANSFER of the above-styled action to the United States District Court for the Northern District of Texas, Dallas Division for all further proceedings.

4. To the extent not otherwise disposed of herein, all pending Motions are hereby DENIED WITHOUT PREJUDICE, with leave for refiling in the transferee court.

      **DONE AND ORDERED** in the Southern District of Florida on this 30th day of September, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record
    Chantie Cowans, *pro se*
    P.O. Box 770522
    Coral Springs, FL 33077